· W. W. GLASGOW v. HILL COUNTY.

(No. 6068.)

APPEAL from Hill County. Opinion by WHITE, P. J.

B. D. TARLTON, counsel for appellant.

No counsel appeared for appellee.

§ 467. *Condemnation of land for a public road; owner of land entitled to what damages; case stated.* This was a proceeding commenced in the commissioners' court of Hill county by a petition for a new road of the third class, to be laid out through and across the inclosed land of appellant. He protested against said road, and claimed that it damaged his land $500. A jury of view assessed his damages at $50, and said commissioners' court at a hearing of said report ordered the opening of said road, assessing appellant's damage at $75. Appellant excepted to the judgment, and appealed to the county court in conformity with the statute. [R. S. art. 4372.] In the county court judgment was rendered against appellant that he take nothing upon his claim for damages, and that he pay costs. The facts of the case are that, pending appellant's appeal to the county court, the commissioners' court ordered said new road opened, and the same was opened. The opening of said road exposed appellant's growing crops to the depredation of stock, and to protect his crops he erected four gates, such as the law permits to be erected across third-class roads. These gates cost him $40. He either had to lose his crops, erect said gates, or make two lines of fence, two miles long, at a cost of $500. About two acres of his land was actually taken and appropriated for the road, and said land was worth from $15 to $20 per acre. *Held:* The trial judge was of the opinion that, inasmuch as appellant had erected said gates across said road, he had thereby waived all claim against the county for damages, and could recover nothing. The trial judge seems to

have entertained this view as being in accordance with article 4389 of the Revised Statutes. That article is inapplicable to this case. Appellant had not granted the right of way without costs; on the contrary, he was all the time protesting against the condemnation and claiming damages. Nor had his land been *condemned and paid for.* "No person's property shall be taken, damaged or destroyed for, or applied to, public use without adequate compensation being made, unless by consent of such person; and when taken, except for the use of the state, such compensation shall first be made or secured by a deposit of money," etc. [Const. art. 1, sec. 17.] Appellant certainly was entitled to recover some compensation under the facts of this case.

May 1, 1889.                 Reversed and remanded.